```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES R. GROSSMAN,                :    CIVIL ACTION
                                    :    NO. 13-01703
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
TRANS UNION, LLC, ET AL.,           :
                                    :
        Defendants.                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              January 17, 2014

Currently pending in the aforementioned matter is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss Counts VI, IX, XI, and XIII of Plaintiff Charles Grossman's ("Plaintiff") Amended Complaint (ECF No. 30). Ocwen asserts that all four claims are preempted by the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et. seq. For the reasons that follow, the Court grants Ocwen's motion.

I.   BACKGROUND

This action arises from Plaintiff's disputes with Ocwen regarding a notation on Plaintiff's credit reports that shows Plaintiff as paying under a partial payment agreement ("PPA") for one of his Ocwen mortgage loan accounts. Pl.'s Mem. L. Supp. Resp. Opp'n Def.'s Mot. Dismiss 1, ECF No. 37-2 ("Resp. Opp'n");

Am. Compl. ¶ 19. Plaintiff asserts that the PPA notation is inaccurate and should have been deleted because of his forbearance agreement was terminated and he is current on his monthly loan payments. Resp. Opp'n 1.

Plaintiff specifically asserts that Ocwen furnished inaccurate information regarding Plaintiff's loan account to the defendant credit reporting agencies Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC (collectively, "CRAs"). Id. He alleges that the PPA notation was repeatedly removed from and then reinserted into his credit reports since 2005. Id.; Am. Compl. ¶¶ 23, 24, 27, 29, 34, 35. According to Plaintiff, Ocwen oscillated between acknowledging that the PPA notation was a mistake and claiming that it was correct. Id. ¶¶ 26, 30, 32, 34.

Plaintiff claims that while Ocwen made the representation to him that his loan was to be placed in a "fresh start program" in 1996, to help reestablish his credit following his three-year forbearance period (1993-1996), this representation was false. Id. ¶ 48. Plaintiff alleges that Ocwen kept Plaintiff's loan account in perpetual contractual delinquency by not capitalizing the $11,000 in principal and interest accrued during Plaintiff's three year forbearance period. Id. ¶ 49. Instead, Ocwen categorized the accrued principal and interest as "interest arrearage," keeping it in a separate suspended column on

2

Plaintiff's repayment log and applying only a small amount of Plaintiff's monthly payments towards the interest arrearage, such that the arrearage would not be satisfied for several years. Id.

Plaintiff claims to have been disputing the aforementioned inaccurate information with Ocwen and the CRAs since 2005. Def.'s Mot. Dismiss 4, ECF No. 35. Plaintiff avers that Ocwen failed to conduct timely and reasonable investigations of his disputes. Id. at 5. He alleges that he has applied for and been denied various loans and extensions of consumer credit on many different occasions based on the allegedly inaccurate information in his credit report. Id. Lastly, Plaintiff alleges that his credit reports still indicate that he is paying under a PPA. Id.

Plaintiff's amended complaint consists of thirteen counts against Ocwen and CRAs.[1] Ocwen moves to dismiss from Plaintiff's Amended Complaint only Counts VI (Defamation); IX (Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1 et. seq. ("CPL"));[2] XI (Negligence); and XIII (Invasion of Privacy/False Light), on the basis that these

---

[1] The defendant CRAs have since been dismissed from this case pursuant to Local Rule of Civil Procedure 41.1(b) with prejudice and without costs. See Order Dismissing Experian Information Solutions, Inc., ECF No. 55; Order Dismissing Equifax Information Services, LLC, ECF No. 53; Order Dismissing Trans Union, LLC, ECF No. 49.

[2] Plaintiff concedes that his claim under the CPL is preempted by the FCRA, and voluntarily withdraws Count IX. Pl.'s Resp. 9.

3

four state causes of action are preempted by federal law.

## II. LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007) (internal citations omitted). In order to withstand a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted). Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Twombly, 550 U.S. at 555).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d

4

Cir. 2009). A claim possesses such plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). In deciding a Rule 12(b)(6) motion, the court is to limit its inquiry to the facts alleged in the complaint and its attachments, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). A contention that a state law claim is preempted by federal law is properly attacked under the Rule 12(b)(6) standard. See, e.g, Van Veen v. AT&T Corp., No. 10-cv-1625, 2011 WL 4001004, at *2 (E.D. Pa., May 25, 2011) (granting in party a Rule 12(b)(6) motion to dismiss on the grounds that the plaintiff's state law claim was preempted by federal law); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 440 (D.N.J. 2010).

### III. DISCUSSION

Plaintiff agrees that his state statutory claim against Ocwen is preempted under § 1681t(b)(1)(F). See Resp. Opp'n 9. Therefore, the Court now must determine whether the FCRA's preemptory effect likewise bans Plaintiff's common law claims

5

against Ocwen. For Ocwen to prevail in this motion to dismiss, the Court must find that § 1681t(b)(1)(F) carries a blanket preemption of both state statutory and common law claims. Plaintiff's position is that § 1681t(b)(1)(F) is properly understood as a statutory preemption only and that it does not affect Plaintiff's common law claims.

A. <u>FCRA Preemptory Provisions</u>

In the motion to dismiss, Ocwen points to § 1681t(b)(1)(F), a preemptory provision in the FCRA which states in relevant part that:

> [n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. 1681t(b)(1)(F). According to Ocwen, this provision preempts state law claims that relate to the subject matter of § 1681s-2, which requires furnishers of consumer information to credit reporting agencies to take particular measures to ensure accuracy.[3]

---

[3] Section 1681s-2 provides:

> [A] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

15 U.S.C. 1681s-2(a)(1)(A). A private right of action for knowing and negligent violations of the FCRA, including § 1681s-2, is provided under 15 U.S.C. §§ 1681n (knowing) and 1681o (negligent).

6

As stated <u>infra</u>, Plaintiff disputes the breadth of § 1681t(b)(1)(F)'s preemptory power by noting the existence of an older preemptory provision, § 1681h(e), which provides that:

> [n]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken an adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).[4] Plaintiff asserts that this older provision, which Plaintiff construes to preempt common law actions against Ocwen where malice or willful intent is not present, supports Plaintiff's statutory approach to § 1681t(b)(1)(F). Ocwen's motion to dismiss Plaintiff's common law claims thus turns on the relationship between these two preemptory provisions.

B. <u>Blanket Preemption Approach to § 1681t(b)(1)(F)</u>

A robust body of case law interpreting preemption provisions in other statutes supports reading § 1681t(b)(1)(F)'s ban on "requirement[s] [and] prohibition[s]" as a blanket preemption provision. <u>See, e.g.</u>, <u>Riegel v. Medtronic, Inc.</u>, 552

---

[4]  These sections of the FCRA lay out requirements for the disclosure of information by consumer reporting agencies to consumers, <u>see</u> 15 U.S.C. §§ 1681g, h, and for users of information contained in consumer reports, <u>see</u> 15 U.S.C. § 1681m.

U.S. 312, 324 (2008) (stating that "absent other indication, reference to a State's 'requirements' includes its common-law duties"); Roth v. Norfalco LLC, 651 F.3d 367, 376 (3d Cir. 2011) (finding that a Hazardous Material Transportation Act ("HMTA") provision on "non-federal requirements" preempted Plaintiff's state common law negligence and strict liability claims). But see Bates v. Dow Agrosciences LLC, 544 U.S. 431, 443 (2005) (stating that "while the use of "requirements" in a preemption clause could affect both statutory and common law claims, this was not "invariably" the case).

The Third Circuit has never directly held that § 1681t(b)(1)(F) preempts both statutory and common law claims, though it has cited with approval to other Circuit opinions that adopt the blanket approach to other sections of § 1681t(b). See Roth (citing Premium Mortg. Corp. v. Equifax Info Servs., LLC, 583 F.3d 103, 106 (2d Cir. 2009) (interpreting "no requirement or prohibition" in § 1681t(b)(1)(A) to mean both statutory and common law actions)). More specifically, district courts within the Third Circuit have adopted the blanket approach in applying § 1681t(b)(1)(F) in recent years. See, e.g., Burrell, 753 F. Supp. 2d at 448-51 (holding that this section preempts both state statutory and common law claims). But see Manno v. Am. Gen. Fin. Co., 439 F. Supp. 2d 418, 424, 430 (E.D. Pa. 2006)

(holding that 1681t(b)(1)(F) preempts only state statutory claims).

### C. Statutory Preemption Approach to § 1681t(b)(1)(F)

Plaintiff disputes Ocwen's preemption argument, pointing to more recent district court opinions holding that § 1681t(b)(1)(F) applies to only statutory claims, not state common law claims. To justify this argument, some courts note that the FCRA contained a separate preemptory provision, § 1681h(e), prior to the 1996 implementation of § 1681t(b)(1)(F).

Under this approach, several courts in the Eastern and Middle Districts of Pennsylvania, in attempting to reconcile the apparent tension between § 1681h(e) and § 1681t(b)(1)(F), have held that the emphasis of § 1681h(e), the earlier statute, on common law claims, indicates that the later enacted § 1681t(b)(1)(F) was only intended to preempt state statutory claims not previously preempted by § 1681h(e). See Manno, 439 F. Supp. 2d at 430; Van Veen, 2011 WL 4001004, at *5; Shannon v. Equifax Info. Servs., 764 F. Supp. 2d 714, 728-29 (E.D. Pa. 2011). In other words, as a matter of statutory construction, these courts concluded that Congress would not have enacted a specific statute preempting state common law claims, e.g., § 1681t(b)(1)(F), if these claims were already preempted by an earlier statute, e.g., § 1681h(e). Under Plaintiff's interpretation of FCRA's preemption provisions, Plaintiff's

9

statutory claim would be preempted under § 1681t(b)(1)(F) and its defamation, negligence, and invasion of privacy/false light claims would be preempted under § 1681h(e) <u>unless</u>, as provided by that statute, Plaintiff shows that Ocwen acted maliciously or with willful intent to cause Plaintiff harm.[5]

At first glance, this argument makes sense. However, upon a closer look at the language of § 1681h(e), it is clear that this earlier provision does not apply a furnisher of information who did not transfer information pursuant to §§ 1681g, h, or m, such as Ocwen in this case.

On point is <u>Burrell</u>, a New Jersey district court case which noted the distinction between § 1681t(b)(1)(F), applying to furnishers of information about consumer behavior regulated under § 1681s-2, and § 1681h(e), applying to consumer reporting agencies and users of consumer reports regulated under §§ 1681g, h, and m. <u>See</u> 753 F. Supp. 2d at 450-51. Under this interpretation, § 1681h(e) does not apply to Ocwen because Ocwen

---

[5]    There is also case law suggesting that Plaintiff's negligence claim would, by definition, be preempted, since as a general presumption negligence does not allow an actor to behave maliciously or knowingly. <u>See</u> <u>Shannon</u>, 764 F. Supp. 2d at 728-29 (finding that a negligence claim falls within the preemption clause of § 1681h(e) because "unless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy [and] by definition, a plaintiff cannot alleged willful negligence"). The counter-argument to <u>Shannon</u> would be that Congress, by including negligence among the listed exemptions in § 1681h(e), clearly envisioned for some sort of willful negligence cause of action to survive preemption. However, because the Court finds that § 1681h(e) does not apply to Ocwen, <u>see</u> <u>infra</u>, the Court need not address the merits of this argument.

is a furnisher of information, and not a consumer reporting agency or user of consumer reports.[6]

For this reason, since § 1681h(e) does not apply to furnishers of information reporting information under § 1681s—2, Plaintiff's basis for rejecting a blanket approach to § 1681t(b)(1)(F)—that to do so would render the earlier preemption provision, § 1682h(e), without independent meaning—fails, as that section does not apply to furnishers of information at all. Accordingly, the blanket approach to § 1681t(b)(1)(F), the preemption provision relating to Ocwen, is proper and all state statutory and common law claims against Ocwen are preempted.[7]

---

[6]   Another district court in New Jersey has similarly distinguished the two provisions of the FCRA, finding 1681t(b)(1)(F) to be a true preemption provision and 1681h(e) to be merely a limitation of liability provision. See Cosmas v. American Exp. Centurion Bank, 757 F. Supp. 2d 489, 497 (D.N.J. 2010).

[7]   While the Court adopts the reasoning as seen in Burrell, that § 1681h(e) does not address entities such as Ocwen and thus should not impact whether or not § 1681t(b)(1)(F) is a blanket preemption for such entities, the Court also notes that other Circuits have simply applied a blanked approach to § 1681t(b)(1)(F) without addressing any overlapping meaning in § 1681h(e). In 2011, the Seventh Circuit adopted the Second Circuit's reasoning in Premium Mortgage, applying a blanket approach to § 1681t(b)(1)(A), and applied it to its interpretation of § 1681t(b)(1)(F). See Purcell v. Bank of America, 659 F.3d 622, 624 (7th Cir. 2011). In Purcell, the Seventh Circuit held that the provision preempted both state statutory and common law claims. See id. The court specifically explained why it disagreed with Manno, noting that there was in fact no tension between § 1681t(b)(1)(F) and § 1681h(e):

> [W]e do not perceive any inconsistency between the two statutes. Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for wilfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan

11

## IV. CONCLUSION

The Court finds that § 1681t(b)(1)(F) of the FCRA preempts <u>all</u> state law claims with respect to all subject matter regulated under § 1681s-2 asserted against furnishers of information to credit reporting agencies. Given that Ocwen is a furnisher of information, the Court will grant Ocwen's Motion to Dismiss as to Counts VI (Defamation), IX (Violation of the Pennsylvania CPL), XI (Negligence), and XIII (Invasion of Privacy/False Light).

An appropriate order follows.

---

    under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

659 F.3d at 625 (emphasis in the original). For this reason, the court held that the FCRA preempted state law claims for defamation, invasion of privacy, and negligence in reporting of information to consumer reporting agencies. <u>Id.</u> at 626.

    Perhaps less persuasive, but still notable, two recent unreported opinions from the Courts of Appeal in the Ninth and Tenth Circuits reached the same conclusion. <u>See</u> <u>Marshall v. Swift River Academy, LLC</u>, 327 Fed. App'x 13, 15 (9th Cir. 2009) (affirming that a defamation claim was preempted by 1681(b)(1)(F)); <u>Pinson v. Equifax Credit Information Services, Inc.</u>, 316 Fed. Appx. 744, 751 (10th Cir. 2009) (affirming that state law libel and invasion of privacy/false light claims were preempted under § 1681t(b)(1)(F)).